UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:12cv983 (SRU) |
| : | |
| RAY BERNARD, : | |
|     Defendant. : | |

ORDER RE DEFENDANT'S MOTION TO DISMISS [Doc. #11]

Plaintiff Lloyd George Morgan, Jr. filed this action against defendant Ray Bernard pursuant to 42 U.S.C. § 1983 (2000). Morgan alleges that Bernard issued a disciplinary report in retaliation for Morgan's complaints about the Bernard's conduct. Bernard moves to dismiss the complaint on the ground that the claim is barred by a Settlement and Release Agreement signed by Morgan on April 30, 2012.

Bernard has attached a copy of the Agreement to his motion and asks the court to take judicial notice of the Agreement. When considering a motion to dismiss, the court may properly consider matters of which judicial notice may be taken. *See Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012). Judicial notice may be taken of documents filed in other cases and other courts. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998).

Bernard states that, on May 1, 2012, Morgan and his counsel participated in a settlement conference in *Morgan v. Murphy*, No. 3:10cv1361 (HBF). Pursuant to the settlement agreement,

Morgan agreed to withdraw that case as well as *Morgan v. Arnone*, No. 3:11cv1475 (JBA), with prejudice. In addition, Morgan executed a general release discharging the defendants, the State of Connecticut and all current and former employees from all actions, damages and demands that Morgan had made or could have made through April 30, 2012, the date of the release. *See* Def.'s Mem. Ex. A. The Agreement was not filed in either case.

     Courts have taken judicial notice of settlement agreements filed in other cases. *See Hunnicutt v. Armstrong*, 305 F. Supp. 2d 175, 181 (D. Conn. 2004) ( in deciding motion to dismiss, court took judicial notice of settlement agreement and release filed in six federal cases in the district), *affirmed in part and vacated in part and remanded on other grounds*, 152 F. App'x 34 (2d Cir. 2005); *see also, e.g., Wolson v. Reed Elsevier Inc.*, No. 09 Civ. 4040 (DC), 2010 WL 334919, at *1 (S.D.N.Y. Jan. 29, 2010) (taking judicial notice of settlement agreement filed in multi-district class action case in ruling on motion to dismiss). Where the settlement agreement was not filed, courts have taken judicial notice of the agreement only where the plaintiff has referenced the other case, or where the plaintiff has knowledge of the document and the document was integral to the plaintiff's claims. *See Gekas v. Vasiliades*, No. 10-3066, 2012 WL 5948679, at *2 (C.D. Ill. Nov. 28, 2012) (where plaintiff made allegations concerning another action, court took judicial notice of settlement agreement that was made, but not filed, in the other action in deciding motion for judgment on the pleadings without converting matter into motion for summary judgment); *Degrooth v. General Dynamics Corp.*, 837 F. Supp. 485, 487 (D. Conn. 1993) (court took judicial notice of document not attached to pleading where plaintiff had notice of document's contents and document was essential to plaintiff's claim), *aff'd*, 28 F.3d 103 (2d Cir.), *cert. denied*, 513 U.S. 1043 (1994).

Here, the Agreement was not filed in either of the settled cases.  Morgan makes no reference to the document or either settled case in his complaint and the Agreement is not essential to his retaliation claim.  Thus, I decline to take judicial notice of the Agreement.

Bernard references Rule 12(b)(1), Fed. R. Civ. P., and argues that the Agreement may be considered by the court when determining whether it has subject matter jurisdiction.  Although the existence of the Agreement may be cause to deny relief, the defendant has provided no authority indicating that the existence of the Agreement deprives the court of subject matter jurisdiction over the case.  Reliance on Rule 12(b)(1) is misplaced.

Because the existence of the Agreement may be dispositive, the court will convert the motion to dismiss into a motion for summary judgment **restricted to the issue of the release of liability**.  *See* Fed. R. Civ. P. 12(d).  Bernard has presented his material outside the pleadings that is relevant on this issue.  Morgan is afforded **thirty (30) days** to respond to the motion and present any evidence showing that the release of liability does not preclude this action.  If the court denies the converted motion, it will enter a scheduling order for discovery and filing any dispositive motions addressing the merits of Morgan's claim.

**SO ORDERED** this 12th day of March 2013, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge